IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAYMOND E. BLAKE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. Action No. 07-230-JJF |
| | : | |
| RAYMOND D. ARMSTRONG, SHAWN | : | |
| MARGYNIAK, and DAVID C. | : | |
| ROSENBLUM, | : | |
| | : | |
| Defendants. | : | |

Raymond E. Blake, <u>Pro se</u> Plaintiff, Delaware Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

August 1, 2007
Wilmington, Delaware

Farnan, District Judge

Plaintiff Raymond E. Blake ("Blake"), an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 8.)

For the reasons discussed below, the Court will dismiss without prejudice the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I.   BACKGROUND

This lawsuit was originally filed by Plaintiff and Karen D. Guy ("Guy"). Guy was dismissed as a Plaintiff after she failed to timely file a separate Application for Leave to Proceed Without Prepayment Of Fees. (D.I. 7.) It appears from the allegations in the Complaint that Plaintiff and Guy have a child together.

Plaintiff names as Defendants public defender Raymond D. Armstrong ("Armstrong"), deputy attorney general Shawn Margyniak ("Margyniak"), and Wilmington police officer David C. Rosenblum ("Rosenblum"). Plaintiff alleges Armstrong, who was his public defender, has made numerous insulting comments to him. He alleges Rosenblum tried to bribe him into turning in local drug dealers and when Plaintiff refused, Rosenblum "placed several

-1-

charges on [him] and falsified his police report in order to get [Plaintiff] found guilty." (D.I. 2.) Finally, Plaintiff alleges that Rosenblum and Margyniak contacted Guy and "coerced her into making a false statement against [Plaintiff] in order to find him guilty at trial."

Plaintiff seeks compensatory and punitive damages and an investigation of the matter. One of Plaintiff's listed reasons for damages is that he is wrongfully imprisoned.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the Court's screening function under §

1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because Plaintiff proceeds pro se, his pleading is liberally construed and his

Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

#### A. State Actor

As alleged by Plaintiff, he was a defendant in a criminal action and was represented by Armstrong, his public defender. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Moore v. Tartler, 986 F.2d 682, 685 (3d Cir.1993).

Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. Polk County v. Dodson, 454 U.S. 312 (1981); Harmon v. Delaware Secretary of State, 154 Fed. Appx. 283, 284-85 (3d Cir. 2005). Because public defenders are not considered state actors, Plaintiff's claim against Armstrong fails under § 1983 and the Court will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

#### B. Habeas Corpus

Plaintiff's remaining allegations speak to the finding of guilt in state court. He alleges he was found guilty because

-4-

Rosemblum "placed" several charges against him and falsified a police report. He further alleges Rosemblum and Margyniak coerced Guy into making a false statement in order to find Plaintiff guilty at trial.

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). He cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 312 U.S. 477, 487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Wallace v. Kato, -U.S.-, 127 S.Ct. 1091, 1097 (2007) (citing Heck, 312 U.S. at 486-87.) The cause of action accrues at the time the imprisonment is invalidated. Gibson v. Superintendent of N.D. Dep't of Law Public Safety Div., 411 F.3d 427, 435 (3d Cir. 2005); see also Wallace, 127 S.Ct. at 1091 (cause of action accrues when plaintiff is able to "file suit and obtain relief.").

-5-

Plaintiff has not alleged or proven, that his conviction or sentence was reversed or invalidated as provided by <u>Heck</u>. Moreover, his claims against Margyniak and Rosenblum present the type of claims addressed in <u>Heck</u>; that is, a finding that Plaintiff's conviction was procured by unconstitutional means would necessarily imply the invalidity of his conviction. Plaintiff alleges that but for Margyniak and Rosenblum's actions he would not have been found guilty.

To the extent Plaintiff seeks damages for his current incarceration his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. <u>Neitzke</u>, 490 U.S. at 326. Accordingly, the Court will dismiss without prejudice the claims against Defendants Margyniak and Rosenblum as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

Based upon the foregoing analysis, the Complaint will be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 111 (3d Cir. 2002); <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order will be entered.