IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAYMOND E. BLAKE,                        :
                                         :
            Plaintiff,                   :
                                         :
      v.                                 :   Civ. Action No. 07-230-JJF
                                         :
RUTH ANN MINNER, CARL C.                 :
DANBERG, JOSEPH R. BIDEN, III,:
JAMES M. BAKER, MICHAEL J.               :
SZCZERBA, SHAWN MARTYNIAK,               :
DRUG MUG, DAVID C. ROSENBLUM, :
FRIEDENREICH, MARK LEWIS,                :
RAYMOND D. ARMSTRONG, BROWN,  :
MARY M. JOHNSTON, PEGGY L.               :
ABLEMAN, KAREN D. GUY,                   :
MANONCHEK C. YOUNG, MICHAEL              :
LITTLE, ANGELO JOHNSON,                  :
RAPHAEL WILLIAMS, THOMAS                 :
CARROLL, C.M.S., JANICE HENRY,:
STACEY HOLLIS, NATASHA L.                :
HOLLINGSWORTH, and RONALD                :
HOLSTERMAN,                              :
                                         :
            Defendants.                  :

_____

Raymond E. Blake, Pro se Plaintiff, Delaware Correctional Center, Smyrna, Delaware.

_____

**MEMORANDUM OPINION**

October 19, 2007
Wilmington, Delaware

Farnan, District Judge

Plaintiff Raymond E. Blake ("Blake"), an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 8.) On August 1, 2007, his original Complaint was dismissed as frivolous and for failure to state a claim upon which relief may be granted and the case was closed. (D.I. 13.) On August 4, 2007, an Amended Complaint was mailed to the Court adding new Defendants and claims. (D.I. 15.) It appears that the Memorandum Opinion and Order and the Amended Complaint "crossed" in the mail.

For the reasons discussed below, the Court will reopen the case. The Court will allow Plaintiff to proceed against Defendants C.M.S., Thomas Carroll, Natasha L. Hollingsworth, Janice Henry, and Stacey Hollis on the Eighth Amendment medical needs claim; against Defendants Manonchek C. Young, Michael Little, Angelo Johnson, Raphael Williams, Thomas Carroll, Janice Henry, Stacey Hollis, Ronald Holsterman, and Natasha L. Hollingsworth on the retaliation claims; and against Defendants Manonchek C. Young, Michael Little, Angelo Johnson, Raphael Williams, Thomas Carroll, Janice Henry, Stacey Hollis, and Ronald Holsterman on the access to the courts claims. The Court will dismiss without prejudice the remaining claims as frivolous and

-1-

for failure to state a claim upon which relief may be granted
pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I.   BACKGROUND

The Amended Complaint alleges the following Defendants
violated Plaintiff's constitutional rights.  Delaware Governor
Ruth Ann Minner ("Governor Minner"), Department of Correction
Commissioner Carl C. Danberg ("Commissioner Danberg"), Delaware
Attorney General Joseph R. Biden, III ("AG Biden"), deputy
attorney general Shawn Martyniak ("Martyniak")[1], Wilmington Mayor
James M. Baker ("Mayor Baker"), Wilmington Police Chief Michael
J. Szczerba ("Chief Szczerba"), Wilmington police officer David
C. Rosenblum ("Rosenblum")[2], probation officer Mark Lewis
("Lewis"), probation and parole officer Friedenreich
("Friedenreich"), assistant public defender Raymond D. Armstrong
("Armstrong")[3], Wilmington police officer Brown ("Brown"),
Delaware Superior Court Judge Mary M. Johnston ("Judge
Johnston"), Delaware Superior Court Judge Peggy L. Ableman
("Judge Ableman"), State's witness Karen D. Guy ("Guy"), DCC law
library clerk Manonchek C. Young ("Young"), DCC law library clerk

---

[1]The claims against Martyniak were dismissed in the Court's
August 1, 2007, Memorandum Opinion and Order.  Her name was
misspelled in the original Complaint as "Margyniak."

[2]The claims against Rosenblum were dismissed in the Court's
August 1, 2007, Memorandum Opinion and Order.

[3]The claims against Armstrong were dismissed in the Court's
August 1, 2007, Memorandum Opinion and Order.

supervisor Michael Little ("Little"), Howard R. Young
Correctional Institution ("HRYCI") law library clerk Angelo
Johnson ("Johnson"), HYRCI Warden Raphael Williams ("Warden
Williams"), DCC Warden Thomas Carroll ("Warden Carroll"), DCC
Sgt. Natasha L. Hollingsworth ("Hollingsworth"), DCC Cpt. Janice
Henry ("Henry"), DCC counselor Stacey Hollis ("Hollis"), C.M.S.,
also known as Correctional Medical Services ("CMS"), and
counselor supervisor Ronald Holsterman ("Holsterman"). Plaintiff
makes numerous allegations, including an alleged illegal search
on September 8, 2006, being charged with "numerous felonies and
misdemeanors," witness coercion, evidence tampering and his
conviction of misdemeanors and acquittal of felony charges,
denial of access to the law library at HRYCI and the DCC, denial
of telephone access to his family and his attorney, failure to
treat a spider bite while housed at DCC, and verbal assault.
Plaintiff seeks declaratory and injunctive relief, and
compensatory and punitive damages.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915
provides for dismissal under certain circumstances. When a
prisoner seeks redress from a government defendant in a civil
action, 28 U.S.C. § 1915A provides for screening of the complaint
by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)
provide that the Court may dismiss a complaint, at any time, if

-3-

the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the Court's screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a

-4-

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. **ANALYSIS**

### A. **State Actors**

Plaintiff alleges Guy and Armstrong violated his constitutional rights. Guy was a witness for the State in Plaintiff's criminal trial. Armstrong, an assistant public defender, represented Plaintiff. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Moore v. Tartler, 986 F.2d 682, 685 (3d Cir.1993).

Public defenders do not act under color of state law when

-5-

performing a lawyer's traditional functions as counsel to a
defendant in criminal proceedings. Polk County v. Dodson, 454
U.S. 312 (1981); Harmon v. Delaware Secretary of State, 154 Fed.
Appx. 283, 284-85 (3d Cir. 2005). Nor is a witness at trial
considered a state actor. Because Guy and Armstrong are not
considered state actors, the claims against them fail under §
1983 and the Court will dismiss them pursuant to 28 U.S.C. §
1915(e)(2)(B) and § 1915A(b)(1).

**B.   Judicial Immunity**

Plaintiff's claims against Judge Johnston and Judge Ableman
also fail. Judges are absolutely immune from suits for monetary
damages and such immunity cannot be overcome by allegations of
bad faith or malice. Mireles v. Waco, 502 U.S. 9, 11 (1991).
Furthermore, judicial immunity can only be overcome if the judge
has acted outside the scope of her judicial capacity or in the
"complete absence of all jurisdiction." Id. at 11-12. Here,
Plaintiff alleges that Judge Johnston denied a motion he filed to
have attorney Armstrong removed from his criminal case and
disregarded a letter written by Armstrong that Plaintiff had
forwarded to the Judge. He alleges Judge Ableman also "refused
to intervene in the illegalities" of his criminal case, and
failed to "confront" letters that Guy, the State's witness, had
written explaining that she was being threatened by police
officers and the prosecutor. (D.I. 15, ¶ 40.)

-6-

The Complaint contains no allegations that either Judge
Johnston or Judge Ableman acted outside the scope of their
judicial capacity, or in the absence of their jurisdiction.
Mireles, 502 U.S. at 11.  They are immune from suit for monetary
liability under 42 U.S.C. § 1983.  Accordingly, Plaintiff's
claims against Judge Johnston and Judge Ableman lack an arguable
basis in law or in fact and are dismissed as frivolous pursuant
to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**C.  Habeas Corpus**

Plaintiff states that at that time of his arrest he was
"found to be wanted in the Superior Court for a V.O.P."[4]
Plaintiff alleges he was charged with numerous unidentified
felonies and misdemeanors.  He alleges that he was charged with
the offenses because he did not cooperate with police officer
Rosenblum.  Plaintiff alleges he was found guilty of two
misdemeanor offense and not guilty on all felony charges.  (D.I.
15, ¶ 49.  He alleges he was incarcerated for ten months, from
September 8, 2006 to July 20, 2007.  Id.  It is unclear if
Plaintiff was incarcerated as a result of the finding of guilt on
the misdemeanor offenses or whether it was due to his violation
of probation.  Regardless, much of the Complaint revolves around
the circumstances leading up to, and including, Plaintiff's
conviction on misdemeanor charges.

---

[4]Violation of probation.

-7-

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. Preiser v. Rodriquez, 411 U.S. 475 (1973). He cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 312 U.S. 477, 487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Wallace v. Kato, -U.S.-, 127 S.Ct. 1091, 1097 (2007) (citing Heck, 312 U.S. at 486-87.) The cause of action accrues at the time the imprisonment is invalidated. Gibson v. Superintendent of N.D. Dep't of Law Public Safety Div., 411 F.3d 427, 435 (3d Cir. 2005); see also Wallace, 127 S.Ct. at 1091 (cause of action accrues when plaintiff is able to "file suit and obtain relief.").

Plaintiff has not alleged or proven, that his conviction or sentence was reversed or invalidated as provided by Heck. Moreover, his allegations against Rosenblum present the type of claims addressed in Heck; that is, a finding that Plaintiff's conviction was procured by unconstitutional means would

-8-

necessarily imply the invalidity of his conviction. To the extent Plaintiff seeks damages for his current incarceration his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. Neitzke, 490 U.S. at 326. Accordingly, the Court will dismiss without prejudice the claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## D. Medical Needs

Paragraphs 51 and 52 of the Amended Complaint allege that CMS, Warden Carroll, Hollingsworth, Henry, and Hollis directly or indirectly disregarded Plaintiff's medical needs caused by a spider bite. More specifically, Plaintiff alleges that while at DCC he received a spider bite that interfered with his health. (D.I. 15 ¶ 45.) Plaintiff alleges he filled out sick call slips to CMS and explained he needed medical attention, to no avail. Plaintiff alleges he spoke to Hollingsworth about the severity of his health situation, but she refused to help him. Id. Plaintiff alleges he reported the lack of medical attention to Henry, Williams, and Warden Carroll with negative results. Id. The Court will allow Plaintiff to proceed with the medical needs claims against Defendants CMS, Warden Carroll, Hollingsworth, Henry, and Hollis.

Plaintiff alleges in a wholesale fashion that Governor Minner, Commissioner Danberg, Mayor Baker, and Warden Williams are "at fault for not managing and/or supervising the prison

-9-

health care system and the many grievances and complaints being filed by inmates on a regular basis." Id. at ¶ 51. Plaintiff seeks to hold Governor Minner, Commissioner Danberg, Mayor Baker, and Warden Williams liable on the basis of their supervisory positions. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

There is nothing in the Complaint to indicate that Governor Minner, Commissioner Danberg, Mayor Baker, and Warden Williams were the "driving force [behind]" the alleged failure to treat Plaintiff's spider bite. The Court notes that inasmuch as Warden Williams is the warden at HRYCI and Mayor Baker is the mayor of Wilmington they seemingly have no connection with the events which took place at DCC. Based upon the foregoing, the Court will dismiss the medical needs claims against Governor Minner, Commissioner Danberg, Mayor Baker, and Warden Williams as they have no arguable basis in law or in fact pursuant to 28 U.S.C. §

-10-

1915(e)(2)(B) and § 1915A(b)(1).

**E.  42 U.S.C. § 1981**

Paragraph 53 alleges that Governor Minner, Commissioner Danberg, AG Biden, Mayor Baker, Chief Szczerba, Martyniak, and Rosenblum violated Plaintiff's right to be free from illegal searches and seizures by police officers and other governmental officials by not putting into place preventive policy measure for the rampant misconduct in New Castle County and Wilmington, Delaware targeting African Americans and other minorities in violation of 42 U.S.C. § 1981.  Plaintiff alleges he is an African American and the lack of a policy played a major role and was the moving force in his "consequential suffering."

Section § 1981(a) states that (a) [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.  42 U.S.C. § 1981(a).  To state a claim under section 1981, Plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more

-11-

of the activities enumerated in the statute . . . ." Brown v. Phillip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001) (citation omitted).

Plaintiff's § 1981 claims fails to state a claim upon which relief may be granted. Absent from the Complaint are any allegations regarding the one or more activities enumerated in the statute. Moreover, the allegations speak to his criminal proceedings and, as discussed above in Section III. C., said allegations fail to state a claim upon which relief may be granted. Therefore, the Court concludes that Plaintiff has failed to state a claim for the violation of 42 U.S.C. § 1981 and will dismiss the claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**F. Drug Mug**

Paragraph 54 alleges that Governor Minner, Commissioner Danberg, AG Biden, Mayor Baker, Chief Szczerba, Martyniak, Drug Mug, Rosenblum, Lewis, Friedenreich, and Brown violated Plaintiff's constitutional rights "by allowing him to be placed on Drug Mug and internet showing his picture and broadcasting and/or creating massive publicity in Plaintiff's privacy, without ever seeing or observing Plaintiff purchase or sell any narcotics". He alleges that Defendants did not "adhere to job duties of supervision" and that as a direct consequence of the "unconstitutional disclosure and invasion of privacy" he was

-12-

wrongfully imprisoned and defamed.

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). "Concern over the purchase [and] sale of narcotics" prompted the Wilmington City Council to pass an ordinance that authorizes the publication of information and identification of persons arrested for purchasing and/or selling illegal drugs within the City of Wilmington. http://www.ci.wilmington.de.us/police. The web site contains a disclaimer that "the individuals pictured have been arrested but not convicted at the time of [the] posting." Id.

The allegations do not rise to the level of a constitutional violation. Additionally, as discussed above, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. The claim is frivolous. Therefore, the Court will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## G. Malicious Prosecution

Paragraph 54 also alleges that Governor Minner, Commissioner Danberg, AG Biden, Mayor Baker, Chief Szczerba, Martyniak, Drug Mug, Rosenblum, Lewis, Friedenreich, and Brown maliciously imprisoned Plaintiff and maliciously prosecuted him under false pretenses. To succeed on a malicious prosecution claim under 42

-13-

U.S.C. § 1983, Plaintiff must show that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the proceeding was instituted without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing him to justice; and (5) he suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  See Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).

The claim fails for the simple reason that the complaint does not allege that the criminal proceeding ended in Plaintiff's favor.  While he may have been acquitted of the felony charges, Plaintiff was convicted of the misdemeanor charges.  The malicious prosecution claim lacks an arguable basis in law or in fact and is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## H. Conspiracy

Paragraph 54 further alleges that Governor Minner, Commissioner Danberg, AG Biden, Mayor Baker, Chief Szczerba, Martyniak, Drug Mug, Rosenblum, Lewis, Friedenreich, and Brown conspired to violate Plaintiff constitutional rights in violation of 42 U.S.C. § 1985 and § 1986.  Paragraph 55 also alleges that Warden Williams and Warden Carroll conspired to transfer Plaintiff to HYRCI which caused him to lose contact with his family members and attorney and "soured his preparation for

-14-

upcoming trial scheduled for June 26, 2007." Finally, Paragraph 56 contains general allegations that Defendants Hollingsworth, Henry, Warden Carroll, AG Biden, Judge Johnston, Judge Ableman, Commissioner Danberg, and attorney Armstrong "are at fault in conspiring knowingly and intentionally with reckless disregard in the violation of Plaintiff's rights." (D.I. 15, ¶ 56.)

Plaintiff's Drug Mug conspiracy claim, as alleged in Paragraph 54, fails. In order to state a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right. Williams v. Fedor, 69 F.Supp.2d 649, 665-66 (M.D. Pa.), aff'd, 211 F.3d 1263 (3d Cir. 2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999)). Plaintiff's Drug Mug claims do not rise to the level of a constitutional violation. He has, therefore, failed to meet the most basic of element of a constitutional conspiracy, that being a constitutional violation. Therefore, the Court will dismiss without prejudice the Drug Mug conspiracy claim against Governor Minner, Commissioner Danberg, AG Biden, Mayor Baker, Chief Szczerba, Martyniak, Drug Mug, Rosenblum, Lewis, Friedenreich, and Brown for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Plaintiff conspiracy claims against Warden Williams and Warden Carroll for his transfer from HRYCI to DCC fail for the

-15-

same reason. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. Walls v. Taylor, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing Brathwaite v. State, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. Olim v. Wakinekona, 461 U.S. 238, 251 (1983).

Plaintiff has failed to meet the most basic of element of a constitutional conspiracy, that being a constitutional violation. Therefore, the Court will dismiss without prejudice the prison transfer conspiracy claim against Warden Williams and Warden Carroll for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Plaintiff's general conspiracy claims found in Paragraph 56 also fail. Plaintiff is required to provide the grounds of his entitlement to relief. He is also is required to allege more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Plaintiff's general conspiracy allegations against Defendants Hollingsworth, Henry, Warden Carroll, AG Biden, Judge Johnston, Judge Ableman, Commissioner Danberg, and attorney Armstrong are nothing more than labels and legal terminology. The claims are frivolous and

-16-

the Court will dismiss them to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(b)(1).

## I. Retaliation

Paragraph 55 alleges that Defendants Young, Little, Johnson,
Warden Williams, Warden Carroll, Henry, Hollis, and Holsterman
unlawfully transferred Plaintiff from HYRCI to DCC in retaliation
for filing grievances and/or litigation against Warden Williams.
Paragraph 56 alleges retaliation by Hollingsworth as a result of
Plaintiff submitting grievances complaining of her wrongdoings.

Proof of a retaliation claim requires that Plaintiff
demonstrate (1) constitutionally protected conduct; (2) an
adverse action by prison officials "'sufficient to deter a person
of ordinary firmness from exercising his [constitutional]
rights,'" and (3) "a causal link between the exercise of his
constitutional rights and the adverse action taken against."
Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (citations
omitted). Applying the retaliation standard and construing the
complaint liberally, Plaintiff has stated claims of retaliation
for his exercise of a First Amendment right and will, therefore,
be allowed to proceed with the claim.

## J. Access to the Courts

Paragraph 55 alleges that Defendants Young, Little, Johnson,
Warden Williams, Warden Carroll, Henry, Hollis, and Holsterman
"created stringent hurdles" to prevent Plaintiff from

-17-

communicating with his attorney and to deny him law library
access, all of which caused him to establish an adequate defense
for his criminal trial.  Prisoners must be allowed "adequate,
effective and meaningful" access to the courts.  <u>Bounds v. Smith</u>,
430 U.S. 817, 822 (1977) (holding that prisons must give inmates
access to law libraries or direct legal assistance).

In order to state a claim that he was denied his right of
access to the courts, Plaintiff must show that he was actually
injured by such interference.  <u>Lewis v. Casey</u>, 518 U.S. 343, 349
(1996); <u>Oliver v. Fauver</u>, 118 F.3d 175, 178 (3d Cir. 1997).  The
Court liberally construes Plaintiff's Complaint and finds that
has sufficiently alleged an access to the courts claim and that
he alleges an injury as he was convicted of the misdemeanor
charges.  Plaintiff will be allowed to proceed with the claim.

### K.  Excessive Force

Paragraph 56 alleges that Hollingsworth physically assaulted
Plaintiff.  Plaintiff also alleges the physical assault was
documented.  (D.I. 15, ¶ 45.)

A civil rights complaint must state the conduct, time,
place, and persons responsible for the alleged civil rights
violations.  <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005)
(citing <u>Boykins v. Ambridge Area Sch. Dist.</u>, 621 F.2d 75, 80 (3d
Cir. 1980); <u>Hall v. Pennsylvania State Police</u>, 570 F.2d 86, 89
(3d Cir. 1978)).

Plaintiff's general statement does not adequately allege an excessive force claim.  Even accepting the allegations as true, the factual allegations are insufficient to raise a right to relief above the speculative level.  Therefore, the Court will dismiss without prejudice the excessive force claim against Hollingsworth for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## L.  Verbal Abuse

Paragraph 56 alleges that Hollingsworth used harsh and/or threatening vulgar language towards Plaintiff when he was in dire need of medical assistance.  Verbal abuse and harassment does not rise to the level of a constitutional violation.  See Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993); see also McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights).  Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983.  Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him).  Therefore, the Court will dismiss without prejudice the verbal abuse claim against Hollingsworth for failure to state a claim upon which relief may

-19-

be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(b)(1).

## M. Due Process

Paragraph 59 alleges that all Defendants violated
Plaintiff's right to Due Process, "as well as creating stringent
circumstances and/or hurdles for Plaintiff at the most
criticalist [sic] stage of his pretrial proceedings." As
discussed above, Plaintiff is required to allege more than labels
and conclusions, and a formulaic recitation of the elements of a
cause of action will not do. Plaintiff's Due Process allegations
are simply insufficient. The claims are frivolous and the Court
will dismiss them pursuant to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(b)(1).

## IV. CONCLUSION

Based upon the foregoing analysis, the Court will allow
Plaintiff to proceed against Defendants CMS, Thomas Carroll,
Natasha L. Hollingsworth, Janice Henry, and Stacey Hollis on the
Eighth Amendment medical needs claim. The Court will allow
Plaintiff to proceed against Defendants Manonchek C. Young,
Michael Little, Angelo Johnson, Raphael Williams, Thomas Carroll,
Janice Henry, Stacey Hollis, Ronald Holsterman, and Natasha L.
Hollingsworth on the retaliation claims. The Court will allow
Plaintiff to proceed against Defendants Manonchek C. Young,
Michael Little, Angelo Johnson, Raphael Williams, Thomas Carroll,

-20-

Janice Henry, Stacey Hollis, and Ronald Holsterman on the access to the courts claims.  The Court will dismiss without prejudice the remaining claims.  An appropriate Order will be entered.