IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAYMOND E. BLAKE, :
:
      Plaintiff, :
:
v. : Civ. Action No. 07-230-JJF
:
RUTH ANN MINNER, CARL C. :
DANBERG, JOSEPH R. BIDEN, III,:
JAMES M. BAKER, MICHAEL J. :
SZCZERBA, SHAWN MARTYNIAK, :
DRUG MUG, DAVID C. ROSENBLUM, :
FRIEDENREICH, MARK LEWIS, :
RAYMOND D. ARMSTRONG, BROWN, :
MARY M. JOHNSTON, PEGGY L. :
ABLEMAN, KAREN D. GUY, :
MANONCHEK C. YOUNG, MICHAEL :
LITTLE, ANGELO JOHNSON, :
RAPHAEL WILLIAMS, THOMAS :
CARROLL, C.M.S., JANICE HENRY,:
STACEY HOLLIS, NATASHA L. :
HOLLINGSWORTH, and RONALD :
HOLSTERMAN, :
:
      Defendants. :

### ORDER

NOW THEREFORE, at Wilmington this 19 day of October, 2007, IT IS HEREBY ORDERED that:

    1.  The Clerk of the Court is directed to reopen the case.

    2.  The Clerk of the Court shall cause a copy of this order to be mailed to Plaintiff.

    3.  Plaintiff's filing fee is reinstated and he shall make payments pursuant to the Court's Order dated July 5, 2007 (D.I. 8). The Clerk of the Court is directed to send a copy of this Order to the appropriate prison business office.

    4.  The claims against Defendants Raymond D. Armstrong,

Karen D. Guy, Mary M. Johnston, and Peggy L. Ableman are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

5. To the extent Plaintiff attempts to challenge his conviction and/or sentence the claim is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

6. Plaintiff's medical needs claims against Ruth Ann Minner Carl C. Danberg, James M. Baker, and Raphael Williams are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

7. Plaintiff's 42 U.S.C. § 1981 claims against Ruth Ann Minner, Carl C. Danberg, Joseph R. Biden, III, James M. Baker, Michael J. Szczerba, Shawn Martyniak, and Dave C. Rosenblum are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

8. The Drug Mug claims against Ruth Ann Minner, Carl C. Danberg, Joseph R. Biden, III, James M. Baker, Michael J. Szczerba, Shawn Martyniak, Drug Mug, Dave C. Rosenblum, Mark Lewis, Friedenreich, and Brown are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

9. Plaintiff's malicious prosecution claims against Ruth Ann Minner, Carl C. Danberg, Joseph R. Biden, III, James M. Baker, Michael J. Szczerba, Shawn Martyniak, Drug Mug, Dave C.

Rosenblum, Mark Lewis, Friedenreich, and Brown are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

10. Plaintiff's Drug Mug conspiracy claims against Ruth Ann Minner, Carl C. Danberg, Joseph R. Biden, III, James M. Baker, Michael J. Szczerba, Shawn Martyniak, Drug Mug, Dave C. Rosenblum, Mark Lewis, Friedenreich, and Brown are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

11. Plaintiff's prison transfer conspiracy claims against Raphael Williams and Thomas Carroll are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

12. Plaintiff's excessive force claim against Natasha L. Hollingsworth is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

13. Plaintiff's verbal abuse claim against Natasha L. Hollingsworth is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

14. Plaintiff's general conspiracy allegations against Defendants Natasha L. Hollingsworth, Janice Henry, Thomas Carroll, Joseph R. Biden, III, Mary M. Johnston, Peggy L. Ableman, Carl C. Danberg, and attorney Raymond D. Armstrong are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)

and § 1915A(b)(1).

15. Plaintiff's due process claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

16. The Court has identified, what appears to be at this time, a cognizable Eighth Amendment medical needs claim against Defendants C.M.S., Thomas Carroll, Natasha L. Hollingsworth, Janice Henry, and Stacey Hollis. Plaintiff is allowed to **PROCEED** with claim.

17. The Court has identified, what appears to be at this time, a cognizable retaliation claim against Defendants Manonchek C. Young, Michael Little, Angelo Johnson, Raphael Williams, Thomas Carroll, Janice Henry, Stacey Hollis, Ronald Holsterman, and Natasha L. Hollingsworth. Plaintiff is allowed to **PROCEED** with this claim.

18. The Court has identified, what appears to be at this time, a cognizable access to the courts claim against Defendants Manonchek C. Young, Michael Little, Angelo Johnson, Raphael Williams, Thomas Carroll, Janice Henry, Stacey Hollis, and Ronald Holsterman. Plaintiff is allowed to **PROCEED** with this claim.

IT IS FURTHER ORDERED that:

1. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff shall provide the Court with **original** "U.S. Marshal-285" forms for **remaining Defendants C.M.S., Thomas Carroll,**

**Natasha L. Hollingsworth, Janice Henry, Stacey Hollis, Manonchek C. Young, Michael Little, Angelo Johnson, Raphael Williams, and Ronald Holsterman**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to Del. Code Ann. tit. 10, § 3103(c). Plaintiff shall also provide the Court with copies of the Amended Complaint (D.I. 15) for service upon the remaining Defendants and the Attorney General. **Plaintiff is notified that the United States Marshal will not serve the Amended Complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for each remaining Defendant and the Attorney General within 120 days from the date of this Order may result in the Amended Complaint being dismissed or Defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2. Upon receipt of the form(s) required by paragraph 1 above, the United States Marshal shall forthwith serve a copy of the Amended Complaint (D.I. 15), this Order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the Defendant(s) so identified in each 285 form.

3. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said

Defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

4. Pursuant to Fed. R. Civ. P. 4(d)(3), a Defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

6. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the Court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

7. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without

prejudice, with leave to refile following service. \*\*\*

                                                      */s/ Joseph J. Farnan*
                                  UNITED STATES DISTRICT JUDGE