IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

RAYMOND E. BLAKE
(Plaintiff)

VS.

MANONCHEK C. YOUNG

MICHAEL LITTLE

ANGELO JOHNSON

RAPHAEL WILLIAMS

THOMAS CARROLL

CORRECTIONAL MEDICAL SERVICES (C.M.S.)

JANICE HENRY

STACEY HOLLIS

NATASHA L. HOLLINGSWORTH

RONALD HOLSTERMAN
(Defendant(s))

CIVIL ACTION
(civil Rights complaint)

NO. # 07-230-JJF

Jury trial | YES: X | NO

## AMENDED CIVIL RIGHTS COMPLAINT

## JURISDICTION

1. This is a civil action authorized by 42 U.S.C. § 1981(a), § 1983 (b), § 1985 (c), and (d) § 1986, to address the deprivation of rights secured by the constitution of the united states. The court has jurisdiction under 28 U.S.C. § 1331. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §

II. PLAINTIFF

2. Plaintiff, Raymond E. Blake, was a resident of the H.R.Y.C.I. as well as Delaware correctional center (D.C.C.), 1181 Paddock, Rd., Smyrna, DE. 19977 and he now resides at sccc/srop 23207 Dupont Blvd. Georgetown, DE. 19947

III. DEFENDANT(s)

3. Defendant, Manonchek C. Young, clerk of the Law library of (D.C.C.) individually and in official capacity as a clerk of Delaware correctional center is legally responsible for the providance of legal materials to unsentenced inmates or detainees.

4. Defendant, Michael Little, supervisor of the clerk of the Law Library of (D.C.C.) individually and in official and unofficial capacity as a clerk of Delaware correctional center is legally responsible for the management and supervision of the overall operation(s) of his department.

5. Defendant, Angelo Johnson, clerk of the law library of (H.R.Y.C.I) individually and in official capacity as a clerk of the Howard R. Young correctional Institution is legally responsible for the management and supervision of his Department and in the Providance of legal materials to unsentenced inmates or Detainees.

6. Defendant, <u>Raphael Williams</u>, warden in official and unofficial capacity as warden of the Howard R. Young correctional institution for the state of Delaware, is legally responsible for the management and supervision of the overall operations of his Department.

7. Defendant, <u>Thomas Carroll</u>, warden in unofficial and official capacity as warden of the Delaware correctional Center (D.C.C.) for the state of Delaware is legally respons-ible for the management and supervision of the overall operation(s) of his Department.

8. Defendant, <u>Natasha L. Hollingsworth</u>, sgt. in official and unofficial capacity as a sgt. of the Delaware correctional Center (D.C.C.) for the state of Delaware is legally responsible for the supervision of security as well as the management and supervision of sentenced and unsentenced inmates. And she is responsible for the overall operation(s) of her Department.

9. Defendant, <u>Janice Henry</u>, captain in official and unofficial capacity as a captain of the Delaware correctional center (D.C.C.) for the state of Delaware is legally responsible for the management and supervision of the overall operation(s) of her Department.

10. Defendant, Stacey Hollis                  counselor in unofficial and
    official capacity As A counselor of the Delaware correctional center
    (D.C.C.) for the state of Delaware is legally responsible for
    the management and supervision of the overall operation(s) of
    her Department.

11. Defendant, Correctional medical services , C.M.S in official and
    unofficial capacity as the correctional medical service for
    inmates of Delaware correctional center (D.C.C.) for the state
    of Delaware, is legally responsible for the management and
    supervision of the overall operation(s) of the prison medical
    and or Health care system.

12. Defendant, Ronald Holsterman, supervisor of counselors in
    official and unofficial capacity As A supervisor of counselors
    for the state of Delaware as well as the Delaware correctional
    center (D.C.C.), is legally responsible for the management and
    supervision of the overall operation(s) for his Department.

## IV. FACTS

13. Plaintiff was incarcerated on september 8th 2006 and
    placed in the H.R.Y.C.I awaiting court process., while incarcerated
    awaiting trial Plaintiff received extensive injuries in the facility
    he was being held in., That facility being the (H.R.Y.C.I)
    Howard R. Young correctional institution., which is managed
    and supervised by Raphael willi

14. Plaintiff was forced to sleep on a floor his entire stay inside of the facility where Rats, Mice, spiders, termites and other small life forms roamed rampantly. Grievances and letters were written to all said-above named Defendant(s) whom none responded with positive results., Also plaintiff was denied routine access to the law library on a regular basis., And when he was granted access to law library Plaintiff was forced to pay for all legal materials. At times when Plaintiff did not have any funds on his inmate account legal materials were denied which is a clear federal violation on behalf of (warden) Raphael williams aswell as clerk of the Howard R. Young correctional institution Law Librarian Angelo Johnson., whom both were in a culpable state of mind, because they knowingly and intentionally caused Deliberate Indifference in which Plaintiff suffered the backlashes of their actions.

5. Plaintiff aswell as several other inmates wrote massive amounts of complaints to above-said Defendant(s) exhausting all avenues in search of relief., which fell upon deaf ears Producing negative results. It got to the point that Plaintiff wrote so much and filed a 1983 class action lawsuit 1:07-cv-405 JJF on above-said Defendant(s) Warden of H.R.Y.C.I

Plaintiff transferred out of his facility and into (D.C.C.) on 6-2-07 even though he was Not sentenced or finished with court proceedings.

16. Upon residing at the Delaware correctional center, Plaintiff received more Arduousness hardships there. Plaintiff was denied access to the Law Library by the clerk of the law library Manonchek C. Young aswell as his supervisor Michael Little. Plaintiff aswell as other unsentenced detainees wrote massive amounts of grievances aswell as letters supporting their stance towards the denial. The above-said defendant(s) aswell as Warden Thomas Carroll of the (D.C.C.) received notice explaining the unjust and or illegalities of the denial to self research and to vital legal materials., which once again produced Negative results.

17. Plaintiff was prevented and or denied telephone access which would have allowed him to contact his family and attorney by counselor of Delaware correctional center., Ms. Stacey Hollis., who refused to program Plaintiff's telephone numbers for nearly (1)one whole month. Plaintiff again wrote several grievances and supporting letters with over (40) Forty signatures of witnesses to grievance committee, warden, aswell as supervisor of (D.C.C.)'s counselors M.
Holsterman., once again

results were produced.

18. While in confinement at the Delaware correctional center plaintiff received a spiderbite that interferred with his health. Plaintiff filled out sickcall slips to C.M.s and or medical slips explaining the dire need of medical attention in which he was never serviced., Plaintiff filled out grievances on the matter aswell. Plaintiff informed sgt. Natasha L. Hollingsworth of the severness of his health situation and she told plaintiff to get the "FUCK OUT OF HER FACE AND SHE HOPES HE DIES OR THE SPIDER BITE KILLS HIM".

Plaintiff reported the verbal assault aswell as the lack of medical attention to (captain) Janice Henry aswell as (LT) Bernard williams and the (Warden) Thomas Carroll., And once again Negative esults were produced. And because of written letters and grievances Plaintiff received mounts of retaliation from above-said Defendant(, one scenerio Plaintiff was physically Assaulted by Ms. Natasha Hollingsworth which to was documented.

19. Plaintiff has endured mounts of sixth & Eighth Amendment Violations from above-said Defendant(s). Plaintiff wrote grievance and letters to Carl c. Danberg and Ruth Ann Minner explaining the Mistreatment that he was undergoing while incarcerated at (H.R.Y.C.I) and (D.C.C).

<u>STANDARD OF REVIEW</u>

<u>MEMORANDUM OF LAW</u>

20.    under <u>Heggenmiller v. Edna Mahan correctional instit-ution for women</u>, 128 Fed. Appx. 240 C.A.3 (N.J.) (2005) **4 The supreme court held that it is wellsettled that prison officials have a duty under the Eighth Admendment to "take reasonable measures to guarantee the safety of inmates." <u>Farmer</u>, 511 U.S. at 832 (internal quotations omitted).

**5 B. Failure to train

The supreme court held that supervisory liability on an Eighth Amendment claim for failure to properly supervise or train is governed by this court's decision in <u>sample v. Diecks</u>, 885 F.2d 1099 (3d cir. 1989) (holding supervisory liability may attach if supervisor implemented deficient policies and was deliberately indifferent to the resulting risk). see also <u>city of canton v. Harris</u>, 489 U.S. 378, 109 s. ct. 1197, 103 L.Ed. 2d 412 (1989). In sample, we held that a prison official may be liable under the Eighth Amendment if (1) existing policy or practice creates an unreasonable risk of Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice. *247 <u>Sample</u>, 885 F.2d at 1118; see also <u>Beers-capitol</u>, 256 F.3d at 134; also under <u>cobb v. Aytch</u>, 643 F.2d 946 supreme court held that pretrial detainees are restrained only as a means to ensure their eventual presence at trial and sentencing <u>Norris v. Frame</u>, 585 F.2d

(continuation ...)

1183, 1187-88 (3d. Cir. 1978); see A. Highmore, Jr., A Digest of Doctrine of Bail in civil and criminal cases 192 (1783). Thus they retain several constitutionally protected liberty interests relevant to the conditions of their confinement that are not fully available to sentenced inmates. First, Pretrial detaine have a constitutionally protected right to the effectiv assistance of counsel. This Sixth Amendment right attaches at the initiation of criminal proceedings, Kirby v. illinois, 406 U.S. 682, 92 S.Ct. 1877, 1882, 32 L.Ed. 2d. 411 (1972); See Brewer v. williams, 43c U.S. 387, 398-99, 97 S.Ct. 1232, 1239, 51 L.Ed.2d 424 (1977)(stressing importance of protecting right to Counsel at pretrial stages), and continues through sentencin Mempa v. Rhay, 389 U.S. 128, 134-37; 88 S.Ct. 254, 256-58, 19 L.Ed. 2d 236 (1967). We have already noted the trial court's extensive findings on the effect of the transfers on pretrial detainees' access to legal representation, and the consequent infringement on their exercise of their right to counsel, as protected by the sixth and Fourteenth Amendments. We agree with the District court that the transfers of pretrial detainees, at a minimum, significantly interfered with their access to counsel. We note, however, that the pretrial detainees enjoy the benefits of other constitutionally protected liberty interests which were infringed upon by the transfers of those inmates to distant state facilities. also the supreme court held that the sixth Amendment

(cont....)

provides that "[I]n all criminal prosecutions, the accused shall enjoy a right... to have the assistance of counsel for his defence". U.S. Const. amend. VI. In Michigan v. Jackson, 475 U.S. 625, 636, 106 S.ct. 1404, 89 L.Ed. 2d 631 (1986).

## V. LEGAL CLAIMS

21. Defendant(s) C.M.S, Thomas Carroll, Natasha L. Hollingsworth, Janice Henry and Stacey Hollis are all in direct or indirect violations for knowingly and intentionally disregarding the plaintiff's dire medical need which was a spider-bite that caused interference with his health. All above-said defendant(s) with requisite state of mind are liable for the reckless disregard and deliberate indifference for inmates right to be free from health risk situations as well as unhealthy living quarters, by not putting in place preventive policy measures for the rampant misconduct and unprofessionalism displayed in the Delaware correctional center., Also Raphael Williams is at fault for not properly managing and or supervising the prison health care system and the many grievances and complaint being filed by inmates on a regular basis., This lack of concern and Failure to job detail and lack of preventive measure or policy has caused the moving Force which in return caused the ongoing injury to plaintiff as well as several other inmates.

22. All above-said Defendant(s) with requisite state of mind knew of and Deliberately Disregarded plaintiff's civil and constitutional rights aswell as health and safety. Defendant(s) knew that plaintiff was receiving cruel and unusual punishment aswell as massive and or ex-.-cessive violation(s) of his civil and constitutional rights in A conspiracy formulated moving Force that was created against him by all above-said defendant(s). Defendant(s) received written report of these Deprivatic and have refused to acknowledge or Remedy the wrongs. All above-said Defendant(s) objectively knew the Deprivations were subjectively serious and Disregarde, and or turned A blind eye towards the many injurie being inflicted upon plaintiff.

23. All above-said Defendant(s) with requisite state of mind knew of and deliberately disregarded plaintiff civil and constitutional Rights by transferring Plaintiff out of Howard R. Young correctional institution and placing him in Delaware Correctional center due to pending grievances and or litigations that plaintiff previously Filed on Warden Raphael williams aswell as other above-said defendants). All above-said defendants) are in direct violat--ion of violating plaintiff's Eighth, sixth and fourteenth Amendment Rights by creating strigent hurdles for Plaintiff in preventing him communication with his. Attorney aswell as denial of utilizing the Law library

to effectively establish A adequate defence for his upcoming trial. All above-said Defendant(s) knowingly and intentionally disregarded the many letters and grievances forwarded to them by Plaintiff. Raphael Williams and Thomas Carroll conspired in the transfer of plaintiff from Howard R. Young correctional institutio. to Delaware correctional center on 6-2-07 which caused plaintiff to loose contact with his family members and attorney which soured his preparation for upcoming trial scheduled for 6-26-07, because of excessive violations on behalf of above-said Defendant(s) plaintiff in return was found guilty of misdemeanor charges at trial.

24. All above-said Defendant(s) are all in violation for violating Plaintiff's civil and constitutional rights for knowingly and intentionally with requisite state of mind disregarding his dire complaint(s) which in return caused massive injury to plaintiff which plaintiff now suffers the Ramification. of the original acts. Defendant Natasha L. Hollingswor is in direct violation for physically assaulting aswell as insulting Plaintiff., she is also in violation of retaliating against Plaintiff who filed grievances on her, which in return caused mounts of retaliation where plaintiff endured mounts of write-ups and excessive lockdowns., due to his speaking out against her wrong doings. Defendant Natasha L. Hollingsworth with requisite state of mind and or culpable state of mind turned' A

blind eye as well as imposed harsh and or threatening vulgar language towards plaintiff who was need of dire medical assistance., which was A clear violation of her employment position as well as plaintiff's civil and constitutional Rights. All above-said Defendant(s) with requisite state of mind deliberately disregarded plaintiff's letters, grievances as well as civil and constitutional Rights. And all Defendant(s) are at fault in conspiring knowingly and intentionally with reckless disregard in the violation of plaintiff rights. All above-said defendant(s) created the moving force behind plaintiff suffered injuries.

25. Plaintiff has established an Eighth Amendment violation as well as several other violations on behalf of above-said Defendant(s), because plaintiff has crossed the imposed hurdle of showing that he faced a "substantial Risk of harm" to which the above-said Administrative Defendant(s) all acted with "Deliberate indifference". Id at 828-29. The predicate substantial risk of harm was objectively serious. Plaintiff has shown, in turn, that prison officials "Knew of" and disregarded all above mentioned facts of ill treatment being inflic-ted upon him while inside of prison. All above-said Defendant(s) acted with A sufficiently culpable state of mind. Beers-capitol, 256 F. 3d, at 125.

26. Government agents and officials are required to follow appropriate procedures and when government agents knowingly and intentionally decide to violate and/or "deprive any person of life, liberty or property", the Due process clause promotes fairness in such decisions. And by barring certain government actions regardless of the fairness of procedures used to implement them, e.g., Rochin, supra, it serves to prevent governmental power from being "used for purposes of oppression," Murray's Les V. Hoboken Land & improvement Co., 18 How. (59 U.S.) 272, 277, 15 L. Ed. 372 (1856) (discussing Due process clause of Fifth Amendment).

27. All above-said Defendant(s) are in violation of violating Plaintiff's Due Process as well as creating stringent circumstances and or hurdles for plaintiff at the most criticalist stages of his pretrial proceedings.

28. Plaintiff Does not seek to hold the United State treasury Department liable for the alleged Deprivations in the instant § 1983 action., He seeks to hold the individual Defendant(s) responsible for the alleged wrongdoings, in violation of his clearly Established constitutional Rights Guaranteed under The U.S. Constitution.

## VI. INJURY

29. Above-said and named Defendant(s) actions caused ongoing injuries, which plaintiff suffers the "Ramifications" of the original Acts. As A direct consequence of the Defendant's unconstitutional disclosure, And Failure to establish or put in place preventive policies. The injuries to plaintiff consist of: Mental and physical duress, loss of recreational privileges, loss of time and or deprivation of society, loss of income, engagement to Fiancé, Deprivation of education, cruel and unusual punishment(s), Post traumatic stress, physical and mental torment, unkempt health care system, Denial to adequate health care, loss of parental bonding and influence in the developmentally formative years of child-rearing.

30. Because the supervisor's implemented deficient policies and was deliberately indifferent to the resulting risk of the supervisor's actions and inactions that caused the "MOVING FORCE" behind the harm suffered by the plaintiff. Sample v. Diecks, 885 F. 2d 1099, 1117-118 (3d. Cir. 1989), see also city of Canton v. Harris, 489 U.S. 378 (1989), Heggenmiller v. Edna Mahan Corr. inst. For women, No. 04-1786, 128 Fed. Appx. 240 (3d. Cir. 2005). They are All indirect or indirect conspiracy to violate plaintiff's civil and constitutional rights. "THEY" being the above-said Defendant(s).

★ Plaintiff respectfully request pleading lieniency under *Haines v. Kerner*, U.S. 111 (1972).

WHEREFORE, Plaintiff respectfully prays that this court enter judgement, granting Plaintiff:

(1) A declaratory judgement that the Defendants' acts, described here in, violated Plaintiff's rights under the United States constitution.

(2) A preliminary and permanent injunction which: (a) Prohibits the Defendants, their successors, agents, and employees, and all other persons in active concert and participation with them from harassing, threatening or retaliating in anyway against plaintiff, because he filed this action, or against any person, because they have submitted affidavits or testimony in this case on behalf of the plaintiff.

(3) Compensatory and Punitive Damages, in the amount of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00), From Defendant, Manonchek C. Young, Law Library Clerk of (D.C.C.); to be paid to plaintiff for "willfully conspiring" with above-said Defendant(s) to violate plaintiff's civil and constitutional Rights aswell as plaintiff's "consequental suffering".

(4.) Punitive and compensatory Damages in the amount of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00), From Defendant, Michael Little, Law library clerk., to be paid to plaintiff for "willfully conspiring" with above-said Defendant(s) to violate plaintiff's civil and constitutional Rights aswell as plaintiff's "consequenta suffering".

(5.) Punitive and compensatory Damages in the amount of ONE HUNDRED AND FIFTY THOUSAND DOLLARS, ($150,000.0 From Defendant, Angelo Johnson, Law Library clerk.; to be paid to plaintiff for "willfully conspiring" with above-said Defendant(s) to violate plaintiff's civil and constitutional Rights aswell as plaintiff's "consequenta suffering".

(6.) Punitive and compensatory Damages in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) From Defendant, Janice Henry, captain of (D.C.C.)., to be paid to plaintiff for "willfully conspiring" with above-said Defendant(s) to violate plaintiff's civil and constitutional Rights aswell as plaintiff's "consequental suffering".

(7.) Punitive and compensatory Damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) From Defendant, Raphael Williams, Warden of (H.R.Y.C.I)., to be paid to plaintiff for "Maliciously conspiring" with above-said Defendant(s) to violate plaintiff's civil and constitutional Rights aswell as plaintiff's

(8.) Punitive and compensatory Damages in the amount of ONE MILLION DOLLARS ($1,000,000.00), From Defendant, Thomas Carroll, warden of (D.C.C.)., to be paid to plaintiff for "willfully conspiring" with above-said Defendant(s) to violate plaintiff's civil and constitutional Rights aswell as plaintiff's "consequental suffering."

(9.) Punitive and compensatory Damages in the amount of ONE MILLION DOLLARS ($1,000,000.00), From Defendant, C.M.S (correctional Medical services)., to be paid to plaintiff for "willfully conspiring" with above-said Defendant(s) to violate plaintiff's civil and constitutional Rights aswell as plaintiff's "consequental suffering".

(10.) Punitive and compensatory Damages in the amount of SEVENTY THOUSAND DOLLARS ($70,000.00) From Defendant, Stacey Hollis, counselor., to be paid to plaintiff for "willfully conspiring" with above-said Defendant(s) to violate plaintiff's civil and constitutional Rights aswell as plaintiffs "consequental suffering".

(11.) Punitive and compensatory Damages in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) From Defendant, Natasha L. Hollingsworth, sgt. of (D.C.C.)., to be paid to plaintiff for "Maliciously conspiring" with above-said Defendant(s) to violate plaintiff's civil and constitutional Rights aswell as plaintiff's "consequental suffering".

(12.) _Punitive and compensatory Damages_ in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), from _Defendant, Ronald Holsterman, supervisor at (D.C.C.);_ to be paid to plaintiff for "willfully conspiring" with above-said Defendant(s) to violate plaintiff's civil and constitutional Rights as well as plaintiff's "consequental suffering".

(13.) A jury trial on all issues triable by jury.

(14.) Plaintiff's cost for this suit.

(15.) Such other and Further relief as this court deems; Just, Proper and equitable.

Respectfully submitted.;
Raymond E. Blake

Raymond E. Blake                    Date: 1-14-08
SCI
P.O. Box 500
Georgetown, DE. 19947

<u>CERTIFICATE OF SERVICE</u>

I, <u>Raymond E. Blake</u>, Plaintiff, Prose, hereby certify that this document titled "AMENDED CIVIL RIGHTS COMPLAINT" was given to "Prison officials" on this 16th Day of <u>Jan.</u> 2008, For the Forwarding to the "original Document" to the above court and copies to the Defendant(s) by certified mail-return receipt requested, via united states postal service, First class postage pre-paid. The names and addresses of the named below?

① James M. Baker
Louis L. Redding Build.
800 N. French Street
Wilmington, De. 19801

② Manonchek C. Young
Delaware Corr. Center
1181 PADDOCK, RD.
SMYRNA, DE. 19977

③ Angelo Johnson
H.R.Y.C.I
P.O. Box 9561
Wilmington, DE. 19809

④ Michael Little
Delaware Corr. Center
1181 PADDOCK, RD.
SMYRNA, DE. 19977

⑤ Raphael Williams
H.R.Y.C.I
P.O. Box 9561

⑥ Thomas Carroll
Delaware Corr. Center
1181 PADDOCK, RD.
SMYRNA, DE. 19977

⑦ C.M.S
Delaware Corr. Center
1181 PADDOCK, RD.
SMYRNA, DE. 19977

⑧ Janice Henry
Delaware Corr. Center
1181 PADDOCK, RD.
SMYRNA, DE. 19977

⑨ Stacey Hollis
Delaware Corr. Center
1181 PADDOCK, RD.
SMYRNA, DE. 19977

⑩ Natasha L. Hollingsworth
Delaware Corr. Center
1181 PADDOCK, RD.

⑪ Ronald Holsterman          ⑫ Micheal Stewart
Delaware Correctional Center    Town Hall  39 The Circle
1181 PADDOCK, R.D.             George town, DE
SMYRNA, DE. 19977                      19947

I, Raymond E. Blake, Plaintiff, certify under the
penalty of perjury, that the foregoing is true and correct.
28 U.S.C. §1746.



                              Respectfully submitted.,
                              Raymond C. Blake
                              Raymond E. Blake
                              SBI # 377092
                              SCI
                              P.O. Box 5000
                              Georgetown, DE. 19947

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

## VERIFICATION

I have read the foregoing Amended Civil Rights complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify, under the penalty of perjury, that the foregoing is true and correct.

Executed at ~~Wilmington~~ Georgetown, Delaware on Jan 16th, 2008

/s/ Raymond C. Blake
Raymond E. Blake

SWORN TO And subscribed Before me This 16th Day of January, 2008

Judith Ann Lederman
NOTARY

JUDITH ANN LEDERMAN
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires August 28, 2009